IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LEROY ALLEN FOSTER and | ) | |
| MARY KATHLEEN FOSTER | ) | Case No. 04-21326-drd |
| Debtors. | ) | |
| _____ | ) | |
| STATE OF MISSOURI, EX REL. | ) | |
| JEREMIAH W. (JAY) NIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 05-2029 |
| | ) | |
| LEROY ALLEN AND MARY KATHLEEN | ) | |
| FOSTER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| HAROLD D. WOODWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 05-2040 |
| | ) | |
| LEROY ALLEN AND MARY KATHLEEN | ) | |
| FOSTER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| CHARLES E. RENDLEN, III, | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 05-2041 |
| | ) | |
| LEROY ALLEN AND MARY KATHLEEN | ) | |
| FOSTER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

Before the Court for determination in these consolidated adversary proceedings are motions for partial summary judgment on certain of the claims asserted in the complaints filed by plaintiffs State of Missouri ("State"), Harold D. Woodward ("Woodward") and the United States Trustee (collectively "Plaintiffs") for denial of discharge to debtors and defendants Leroy Allen Foster and Mary Kathleen Foster ("Debtors"), pursuant to 11 U.S.C. § 727(a)(3), (a)(4)(A), (a)(5) and (a)(6)(A). This Court has jurisdiction over the complaints under 28 U.S.C. § 1334(b) and § 157(a). They are core proceedings which this Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(J). The following constitute my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that Plaintiffs have satisfied their burden of demonstrating that Debtors have made false oaths and should be denied a discharge pursuant to § 727(a)(4)(A) and have refused to abide by a lawful order of this Court and therefore should be denied a discharge pursuant to § 727(a)(6)(A).

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Debtors filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 27, 2004.[1] John C. Reed was appointed trustee. On July 23, 2004, the trustee presided over and conducted the meeting of creditors held pursuant to § 341 of the Bankruptcy Code.[2] Both of the Debtors appeared, were placed under oath and testified.[3] At the meeting, it became apparent that

---

[1] Unless otherwise noted, the facts recited in this portion of the opinion are taken from the Joint Stipulation of Material Facts filed by Plaintiffs ("Stipulation") and the Record in Support of Motions for Summary Judgment ("R.") submitted in support of those factual assertions.

[2] Stipulation, ¶ 26; R.1, D.E. 19; R.2, ¶ 3.

[3] Stipualtion, ¶ 27; R.2, ¶3.

2

the Schedules of Assets and Liabilities and Statement of Financial Affairs filed with the petition were not complete and accurate.[4] The trustee requested that numerous amendments be made.[5] As of the date of this Memorandum Opinion, no amendments have ever been made to the Schedules or the Statement of Affairs.

On August 27, 2004, the trustee filed a Notice of 2004 Examination, requesting that the Debtors appear for examination on September 9, 2004 and produce a number of documents listed on Exhibit A attached to the notice.[6] Rather than appear for the Rule 2004 examination, on September 8, the day before the scheduled examination, Debtors filed a motion to dismiss the bankruptcy case.[7] In the motion, Debtors alleged that Debtor Leroy Foster had secured a loan commitment in an amount sufficient to pay the Debtors' creditors in full.[8] Woodward objected to the motion and a hearing was held before this Court on October 21, 2004.[9] On November 2, 2004, the Court issued its opinion and entered its order denying the motion to dismiss.[10] Among other reasons, the Court denied the motion because the evidence did not support the contention that the loan commitment would in fact pay all the Debtors' creditors in full. *See, In re Foster*, 316 B.R. 718, 721 (Bankr. W.D. Mo. 2004).

Shortly after the issuance of this opinion and order, the trustee, on November 15, 2004 filed

---

[4] Stipulation, ¶ 28; R.2, ¶4.

[5] Id.

[6] Stipulation, ¶'s 31-33; R.2, ¶'s 7,8; R.3.

[7] Stipulation, ¶'s 36, 37; R.2, ¶9; R.1, D.E. 24.

[8] Stipulation, ¶ 40; R.1, D.E. 24.

[9] Stipulation, ¶'s 38, 39; R.1, D.E. 28, 43.

[10] Stipulation, ¶ 40; R.1, D.E. 46.

a second Notice of Rule 2004 Examination requesting that the Debtors appear for examination and once again produce a number of documents, itemized on Exhibit A to the notice.[11] The notice directed that the Debtors appear on December 1, 2004.[12] Debtors did appear for examination on December 1 and produced some, but not all, of the requested documents.[13] Debtor Leroy Foster testified and acknowledged under oath that he was requested to produce certain documents in compliance with the notice.[14] At the conclusion of the examination, the Debtors agreed to provide to the trustee amended schedules within two weeks of the examination.[15] In addition, Debtors also agreed to provide the trustee and counsel for Woodward with any additional documents that had been requested by the trustee but not produced at the examination within 30 days of the date of the examination.[16] The Debtors did not provide the additional documents to the trustee by January 1, 2005 as promised.[17] As a result, on January 20, 2005, the trustee filed with this Court a motion to compel the Debtors to produce the additional documents requested on Exhibit A to his November 15, 2004 Notice of Rule 2004 Examination which had not been produced on December 1 ("Motion to Compel").[18] On February 11, 2005, this Court granted the Motion to Compel and

---

[11] Stipulation, ¶'s 43, 44; R.1, D.E. 49; R.2, ¶'s 10, 11; R.4.

[12] Id.

[13] Stipulation, ¶'s 48, 51; R.2, ¶ 12.

[14] Stipulation, ¶'s 49, 50; R.2, ¶ 12; R.7 at page 4, lines 14-15; R.7 at page 80, line 4.

[15] Stipulation, ¶ 54; R.7 at page 103, lines 4-16; R.2, ¶ 13.

[16] Stipulation, ¶ 55; R.7 at page 168, line 25 to page 171, line 10; R.11, ¶ 8.

[17] Stipulation, ¶ 58; R.2, ¶ 15.

[18] Stipulation, ¶ 60; R.1, D.E. 58; R.2, ¶ 16; R.5.

directed Debtors to provide the trustee with the documents within 20 days.[19] Sometime thereafter, in March 2005, the Debtors did produce some, but not all, of the documents requested by the trustee and ordered produced by the Court.[20]

On May 18, 2005, the State filed a Complaint to Determine Dischargeability of Certain Debts Owed to the State of Missouri and Objection to Discharge in which the State sought an order determining that certain claims against the Debtors are nondischargeable and denying the Debtors a discharge. In Count II, the State alleged the Debtors had made a false oath by having failed to disclose certain business affiliations of Debtor Leroy Allen Foster and failing to disclose income from previous years earned by Debtor Mary Kathleen Foster. State alleges that the Debtors should therefore be denied a discharge pursuant to § 727(a)(4)(A).

On June 28, 2005, Woodward filed an adversary proceeding seeking a determination that debts owed to him by Debtor Leroy Allen Foster are nondischargeable and denying the Debtors a discharge on the grounds that the Debtors had failed to turnover and had concealed documents in violation of § 727(a)(3), had failed to satisfactorily explain a loss of assets or the deficit of assets to meet liabilities in violation of § 727(a)(5) and had failed to comply with the order of this Court granting the trustee's Motion to Compel in violation of § 727(a)(6)(A).

On July 8, the United States Trustee filed his complaint objecting to discharge in which he sought to deny the Debtors a discharge, on the grounds that they had refused to abide by the order of this Court compelling the production of certain documents in violation of § 727(a)(6)(A), concealed certain documents requested by the trustee in violation of § 727(a)(3) and withheld certain documents from an officer of the estate entitled to possession of such documents in violation of

---

[19] Stipulation, ¶ 62; R.2, ¶ 17; R.1, D.E. 62; R.6.

[20] Stipulation, ¶ 63; R.2, ¶ 18; R.11, ¶ 13.

§ 727(a)(4)(D).

On August 19, 2005, Plaintiffs filed a Joint Motion to Consolidate Trials in which they requested that the Court consolidate these three adversary proceedings. The motion was granted and on September 25, 2005, this Court entered its order consolidating these adversary proceedings for trial. On November 28, 2005, Plaintiffs filed motions for partial summary judgment requesting judgment on most of those counts in the complaints seeking denial of discharge.[21] Although the time for filing a response to the motions has expired, no response has been filed by the Debtors.

## II. DISCUSSION AND LEGAL ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the matters presented to the Court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986); *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997); *In re Marlar*, 252 B.R. 743, 750 (B.A.P. 8th Cir. 2000). The party moving for summary judgment has the initial burden of proving that there is no genuine issue at to any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Nelson v. Kingsley (In re Kingsley)*, 208 B.R. 918, 920 (B.A.P. 8th Cir. 1997). Once a moving party has met this initial burden of proof, the non-moving party must set forth specific facts

---

[21] Plaintiffs' motions for partial summary judgment are directed to the counts contained in the complaints in which they seek denial of discharge. Specifically, the subjects of the motions for partial summary judgment are: Count II of the complaint filed by the State seeking denial of discharge pursuant to § 727(a)(4)(A); Count I of the complaint by the United States Trustee seeking denial of discharge pursuant to § 727(a)(6)(A); and, from the complaint filed by Woodward, Counts VIII and IX, seeking denial of discharge under § 727(a)(3), Count X seeking denial of discharge pursuant to § 727(a)(5) and Count XI seeking denial of discharge under § 727(a)(6)(A). Because this Court finds that the Debtors should be denied discharge for having made a false oath or account under § 727(a)(4)(A) as alleged in Count II of the State's complaint and, pursuant to § 727(a)(6)(A) for refusal to obey a lawful order of the Court, as set forth in Count I of the United States Trustee's complaint and Count XI of the Woodward complaint, the Court does not address the remaining grounds for denial of discharge contained in the Woodward complaint and urged in Woodward's motion for partial summary judgment or contained in the United States Trustee's complaint but not included in his motion for partial summary judgment.

6

sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Celotex*, 477 U.S. at 324. In ruling on a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Marlar*, 252 B.R. at 750. As noted above, the Debtors have filed no response to the motions and have controverted none of the factual assertions made in the motions for partial summary judgment and supported by the record filed by Plaintiffs. Because the Court finds, as noted below, that those factual assertions are sufficient to establish grounds for denial of discharge under § 727(a)(4)(A) and (a)(6)(A), there are no disputed issues of material fact and Plaintiffs have demonstrated an entitlement to judgment as a matter of law.

### B.  General Principles and Burden of Proof

Obtaining a discharge is the key component of the "fresh start" a bankruptcy proceeding is designed to give a debtor. Accordingly, denying a discharge to a debtor is considered to be a "harsh and drastic penalty." *American Bank v. Ireland (In re Ireland)*, 49 B.R. 269, 271 n. 1 (Bankr. W.D. Mo. 1985). For that reason, the grounds for denial of discharge listed in § 727 are strictly construed in the favor of the debtor. *Floret, L.L.C. v. Sendecky (In re Sendecky)*, 283 B.R. 760, 763 (B.A.P. 8th Cir. 2002); *Gray v. Gray (In re Gray)*, 295 B.R. 338, 343 (Bankr. W.D. Mo. 2003); *In re Stanke*, 234 B.R. 449, 456 (Bankr. W.D. Mo. 1999). A trustee or creditor requesting that the court deny a debtor a discharge bears the burden of proving each of the elements of the applicable claim by a preponderance of the evidence. *Sendecky*, 283 B.R. at 763; *Gray*, 295 B.R. at 343; *Kirchner v. Kirchner (In re Kirchner)*, 206 B.R. 965, 973 (Bankr. W.D. Mo. 1997).

### C.  Specific Claims for Denial of Discharge

**1. Making of a False Oath or Account**

A debtor may be denied a discharge, pursuant to §727(a)(4)(A), if the debtor knowingly and fraudulently, in or in connection with a case, made a false oath or account. The Debtors' signatures on the Petition, the Schedules of Assets and Liabilities and Statement of Financial Affairs, verified and made under penalty of perjury pursuant to Rule 1008, are declarations which have the force and effect of oaths of the kind encompassed by the discharge exception for making a false oath. *In re Bren*, 303 B.R. 610, 613 (B.A.P. 8th Cir. 2004). The proper functioning of the entire bankruptcy process is dependent upon the debtors providing complete, accurate and reliable information in the petition and other documents submitted with the filing of the case, so that parties in interest may evaluate the debtor's assets and liabilities and appropriately administer the case. *Bren*, 303 B.R. at 613.

In order to deny a discharge to a debtor under this subparagraph, the plaintiff must establish that: (1) debtor knowingly and fraudulently; (2) in or in connection with the case; (3) made a false oath or account; (4) regarding a material matter. *See Korte v. United States of America Internal Revenue Service (In re Korte)*, 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001). Since an admission or other direct evidence of fraudulent intent is rarely available, actual intent may be established by circumstantial evidence. *Gray*, 295 B.R. at 343; *Weese v. Lambert (In re Lambert)*, 280 B.R. 463, 468 (Bankr. W.D. Mo. 2002). A series or pattern of errors or omissions may have the effect of giving rise to an inference of intent to deceive. *Bren*, 303 B.R. at 614; *Gray*, 295 B.R. at 344. An omission or false statement is considered material if it relates to the debtor's business transactions or estate or concerns the discovery of assets or the existence or disposition of property. *Palatine Nat'l Bank of Palatine, Ill. v. Olson (In re Olson)*, 916 F.2d 481, 484 (8th Cir. 1990); *Korte*, 262 B.R. at 474; *Gray*, 295 B.R. at 345. The threshold of materiality is fairly low. *Cepelak v. Sears (In re*

8

*Sears)*, 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000).

The State maintains that Debtors have made a false oath or account in two respects: (1) in failing to disclose a business affiliation of Debtor Leroy Allen Foster; and (2) failing to disclose income earned by Debtor Mary Kathleen Foster during the years prior to the filing of the petition. Mr. Foster testified during the Rule 2004 examination that prior to the filing of the petition he had an interest as a partner in a partnership by the name of Allen and Donovan which engaged in construction activities.[22] It had at least one prepetition project, that being the construction of a residence for a Mr. and Mrs. Gordon.[23] Debtors failed to disclose Mr. Foster's interest in this partnership in the Petition, Schedules of Assets and Liabilities or Statement of Financial Affairs. While the Petition lists two limited liability companies in which Mr. Foster had an interest prior to the filing of the petition as names under which he did business, it includes no similar reference for Allen and Donovan. In addition, on Schedule B, while the interests in the limited liability companies are disclosed as assets, Mr. Foster's interest in the Allen and Donovan partnership is not similarly disclosed. Finally, the Debtors also fail to disclose the partnership interest in response to question 18 of the Statement of Financial Affairs which asks that the debtor identify any businesses in which he was a partner during the six-year period immediately preceding the commencement of the case.

In response to question 1 of the Statement of Financial Affairs which asks for income from employment or operation of a business during the calendar year to date for the year in which the petition was filed and for the two immediately preceding years, both Debtors answered that there was no such income. Other information in the records indicates that that answer was incorrect as

---

[22] Stipulation, ¶ 23; R.7 at page 10, lines 9-16.

[23] Stipulation, ¶ 24; R.7 at page 22, line 9.

to both Debtors. In particular, Schedule I shows Mrs. Foster as being employed as a legal secretary and having income from that employment, which position the schedule reflects she has held for 16 years. Accordingly, she clearly had income for that part of the calendar year prior to the date on which the petition was filed and during the two years immediately preceding, which income was not disclosed in response to this question. In addition, Schedule I also reflects that Mr. Foster claimed to have $1,000.00 per month income from operation of a business, details of which were not supplied. Despite this, and despite the other evidence that Mr. Foster had an interest in numerous businesses, including the undisclosed Allen and Donovan partnership and possibly the limited liability companies in which he had a membership interest, Mr. Foster failed to disclose the existence, amount or source of such income in response to question 1 of the Statement of Financial Affairs.

These omissions are clearly material, relating as they do, to income of the Debtors and also to assets which might be used to satisfy the claims of creditors. As observed above, for these purposes the bar of materiality is set rather low. The Court must also find that the statements or omissions were made knowingly and fraudulently. The Court finds that the evidence permits the Court to make that inference in these circumstances. Despite the fact that a number of errors and omissions from the schedules were brought to Debtors' attention as early as the first meeting of creditors, no amendments to the Schedules or Statement of Financial Affairs have ever been made. In addition, the Debtors have offered no explanation for these omissions. Finally, the Court's inference that the omissions were made knowingly and fraudulently is supported by the fact that there are a number of such omissions and by the Debtors' other conduct such as their failure to cooperate with the trustee and supply requested documents, as discussed below.

## 2. Refusal to Abide by Court Order

The court may deny the debtor a discharge if he has refused to obey any lawful order of the court. 11 U.S.C. § 726(a)(6)(A). The term used in the statute is "refused" not "failed". Accordingly, the Court must find that the Debtors' lack of compliance with the relevant court order was willful and intentional. *LaBarge v. Ireland (In re Ireland)*, 325 B.R. 836, 838 (Bankr. E.D. Mo. 2005; *Cummins v. Hays (In re Cummins)*, 166 B.R. 338, 358 (Bankr. W.D. Ark. 1994); 3 Norton Bankruptcy Law and Practice 2d, § 74:16, p. 74-35 (1994). The party objecting to discharge satisfies this burden by demonstrating the debtor received the order in question and failed to comply with its terms. *Ireland*, 325 B.R. at 838; *Katz v. Araujo (In re Araujo)*, 292 B.R. 19, 24 (Bankr. D. Conn. 2003). Such a showing then imposes upon the debtor an obligation to explain his non-compliance. *Associates Commercial Corp. v. Reavis (In re Reavis)*, 92 B.R. 380, 383 (Bankr. W.D. Mo. 1988); *United States of America v. Richardson (In re Richardson)*, 85 B.R. 1008, 1011 (Bankr. W.D. Mo. 1988); 6 Collier on Bankruptcy, ¶ 727.09 [1], p. 727-50 (15th ed. Rev. 2003). This ground for denial of discharge clearly includes orders requiring the debtor to produce documents relating to his or her financial condition. *Block v. Moss (In re Moss)*, 258 B.R. 391, 404 (Bankr. W.D. Mo. 2001); *In re Robson*, 154 B.R. 536, 539-540 (Bankr. E.D. Ark. 1993).

As noted above, at the request of the trustee, this Court issued, on February 11, 2005 an order compelling the Debtors to produce to the trustee, within 20 days of the date of the order, those documents specifically listed in the trustee's motion to compel. That order was served both upon the Debtors and their bankruptcy counsel. There thus is no question that Debtors were aware of the order and that the order was sufficiently definite and specific to permit them to comply and to permit this Court to determine whether there has been compliance with the order. As also noted above, while in March 2005 Defendants responded to that order by producing some of the documents listed,

many categories of documents ordered to be produced have never been provided to the trustee as required. The Debtors have offered no explanation for their failure to produce these documents. They have never suggested that the documents were not created or are no longer in existence or that there is any other reason why they would be unable to comply with the order requiring the production. Under the circumstances, the Court is justified in inferring that their failure to comply with the Court's order is willful and intentional.

As is apparent from the procedural history recited above, the entry of the Court's order was the last in a series of efforts by the trustee to obtain documents relevant to his administration of the Debtors' estate. Debtors were requested to appear for Rule 2004 examination in September 2004. Rather than appear, they filed, on the day before the date scheduled for the examination, a motion to dismiss the bankruptcy case, which was later denied by this Court. The Rule 2004 examination was renoticed with an identical request for documents, to which the Debtors only partially complied. Subsequent oral requests for a production of the balance of documents produced no response. The trustee's motion to compel, which resulted in the issuance of the order with which the Debtors have failed to comply, was the last in that series of events. Accordingly, the Debtors' failure to produce documents as required by the order was not an isolated event, but rather the culmination of a series of events reflecting the Debtors' continued failure to cooperate with the trustee and to abide by their obligations under the Bankruptcy Code.

### III. CONCLUSION

In summary, the Court finds that Debtors omitted numerous material matters from their Schedules of Assets and Liabilities and their Statement of Financial Affairs. Given the numerous omissions, the Debtors' failure to amend the Schedules and Statement long after these problems had been brought to their attention and their failure to offer any explanation for the omissions, the Court

finds that they were made knowingly and fraudulently. Accordingly, the Debtors are not entitled to a discharge pursuant to § 727(a)(4)(A). In addition, the Debtors have failed to comply with the order of this Court requiring that they produce numerous documents regarding their financial condition necessary for the trustee's administration of the estate. The Court issued a clear, definite and specific order requiring that these documents be produced within a specific period of time, which order was the culmination of a series of attempts by the trustee to obtain the necessary records. The Debtors have failed to offer any explanation or defense for their failure to produce the documents, which warrants a finding by this Court that their failure to abide by this Court order was willful and intentional and therefore a refusal warranting the denial of their discharge under § 727(a)(6)(A).[24]

For all the reasons stated above, Debtors will be denied a discharge. A separate order will be entered in accordance with Bankruptcy Rule 9021.

DATED:     January 5, 2006                    /s/ Dennis R. Dow
                                              HONORABLE DENNIS R. DOW
                                              UNITED STATES BANKRUPTCY JUDGE

Copies to:

Sheryl Moreau
Sherri L. Wattenbarger
Bonnie L. Clair
Leroy and Mary Foster
(note most recent address)

---

[24] The Court's holding that the Debtors are not entitled to a discharge renders moot the various claims asserted by the State and Woodward seeking a determination that claims held by them against one or both of the Debtors are nondischargeable pursuant to 11 U.S.C. § 523. Accordingly, the following claims asserted in those complaints are denied as moot: Count I in the complaint filed by the State and Counts I, II, III, IV and V of the complaint filed by Woodward.

13